E-FILED
Wednesday, 29 August, 2018 09:41:45 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ELIJAH REID,                )
                            )
         Plaintiff,         )
                            )
    v.                      )    18-CV-1250
                            )
PONTIAC TRUST FUN DPT.,     )
*et al.*,                   )
                            )
         Defendants.        )

## MERIT REVIEW ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated at Pontiac Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that prison officials have been deducting funds from his trust fund account based upon two contracts to voluntarily pay restitution he claims he never signed.

Plaintiff alleges a contract dispute that does not have any basis in federal law. Further, Plaintiff's allegations suggest that prison officials have intentionally, but without authorization, stolen personal property from him. Under these allegations, he was not entitled to a pre-deprivation hearing. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). Plaintiff has an adequate remedy available to him in the Illinois Court of Claims. *See Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993).

IT IS THEREFORE ORDERED:

    1. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

    2. This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.

    3. The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of the plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

    4. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

    5. Plaintiff's motion to request counsel [3] and motion to amend complaint [14] are denied as moot.

    6. Plaintiff's motion for temporary restraining order [4] is denied. The Court cannot issue a preliminary injunction without notice to the adverse party, nor can it issue a temporary restraining order without a showing that efforts had been made to provide notice. *See* Fed. R. Civ. P. 65(a)(1);

(b)(1)(B). Further, Plaintiff did not show a reasonable likelihood of success on the merits.

7. A digital recording of the merit review hearing has been attached to the docket.

Entered this 28th day of August, 2018

/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE